COMMONWEALTH *vs.* GARY WALTER. No. 94-P-1569. March 1, 1996. *Practice, Criminal*, Instructions to jury. *Attempt. Breaking and Entering. Possession of Burglarious Instruments. Words* "Felony."

A Superior Court jury returned guilty verdicts against the defendant on indictments charging him with (1) attempting to break and enter in the daytime a dwelling house on Dwight Street with intent to commit a felony, (2) possession of burglarious implements, and (3) unlawful possession of a

---

hypodermic implement.[1] He was found not guilty on indictments charging him with assault and battery by means of a dangerous weapon, to wit, a hypodermic needle, and attempting to break and enter in the daytime a dwelling house on Jefferson Street with intent to commit a felony.[2]

On appeal, the defendant argues that the judge committed error in his instructions to the jury on the charge of attempting to break and enter with intent to commit a felony and also in his answer to one of the jury's questions.

It was the Commonwealth's theory at trial that the defendant made two attempts to break into the apartment building with the intent to commit a felony (larceny), in order to support his drug habit. In support of its theory, the Commonwealth produced two witnesses who testified that they had seen the defendant attempt to force open locked doors on the two separate building entrances. One of the witnesses telephoned the police. While awaiting the arrival of the police, the witnesses saw the defendant open an unlocked door and enter an apartment building on Chestnut Street.

When the police arrived, the witnesses directed them to the Chestnut Street building. In that building, the officers saw the defendant coming down the stairs. He was carrying a pouch. After a brief struggle, the defendant was arrested. A knife was found on his person. Found in the pouch, among other things, were a "slim jim" and a "dent puller." A police officer testified that the two tools could be used to force open or unlock doors.

The defendant testified in his own behalf. He admitted that he used the knife to attempt to slide the latch and open the door of the Dwight Street entrance. He also admitted to having certain tools in his possession. However, he claimed that his intent in attempting to enter the building at the corner of Jefferson and Dwight Streets was to find a place to "shoot up" with the heroin he had just purchased, not to steal anything.[3]

During their closing arguments, both counsel argued their respective theories — the defendant arguing that he attempted to break into the building with the intention to inject heroin that he had in his possession, the Commonwealth claiming that the defendant attempted to break into the various apartments to steal money or valuables to support his drug habit. Thus, the defendant's intention in attempting to break and enter the apartment building was the central issue at trial.

1. *The judge's instructions and answer to the jury's question.* In his instructions, the judge informed the jury about the elements of the crimes charged, including attempted breaking and entering in the daytime with intent to

---

[1]The indictment for unlawful possession of a hypodermic implement was placed on file and is not before us on appeal.

[2]The apartment building that was the subject of the indictments was located at Dwight and Jefferson Streets in Springfield. It had two separate entrances, one on Dwight, the other on Jefferson. The defendant was the subject of two indictments, (1) attempt to break and enter in the daytime the Jefferson Street entrance with intent to commit a felony, and (2) attempt to break and enter in the daytime the Dwight Street entrance, with intent to commit a felony.

[3]Possession of heroin is a misdemeanor. See G. L. c. 94C, § 34.

commit a felony. As an essential element of that crime, the judge mentioned, at least three times, "the intent to commit a felony" but did not define the word "felony." The defendant did not object to the judge's instructions.

During the course of their deliberations, the jury came back with two questions. The first question and the judge's answer is as follows:

> "Mr. Foreman, ladies and gentlemen, you had a couple of questions which I will read and then answer. Number 1, is attempting to break and enter in the daytime a felony itself? The answer to that is yes, it is."[4]

On appeal, the defendant claims that the judge's failure to define "felony" as it is used in the context of "intent to commit a felony" was error because it left the jury with no idea of the meaning of an essential element of the crime. The defendant also argues that the judge committed error in answering the jury's question, thereby compounding the error of failing to define "felony."

The "intent to commit a felony" is an essential element of the crime proscribed by G. L. c. 266, § 18, breaking and entering in the daytime with intent to commit a felony. *Commonwealth* v. *Vinnicombe*, 28 Mass. App. Ct. 934, 935 (1990).

A felony is "[a] crime punishable by death or imprisonment in the [S]tate prison . . . . All other crimes are misdemeanors." G. L. c. 274, § 1. In view of the different theories as to the defendant's intentions when he attempted to break and enter the building, it was of critical importance that the jury understand the meaning of "felony" and the types of crimes that fit into that category.

Because the jury was not informed of the meaning of felony, "[t]he defendant's fate thus turned on a layman's definition of [felony]. [This is a] technical matter[ ] with which laymen cannot be expected to be familiar." *Commonwealth* v. *White*, 353 Mass. 409, 425 (1967), cert. denied, 391 U.S. 968 (1968). See *Commonwealth* v. *Benders*, 361 Mass. 708 (1972); *Commonwealth* v. *Claudio*, 418 Mass. 103, 117-119 (1994) (judge's failure to define "felony" in combination with other errors required reversal); *Commonwealth* v. *Fuller*, 421 Mass. 400, 411 (1995) (judge should explain meaning of technical terms where meaning is obscure and there is a possibility of confusion).

The judge also committed an error in his answer to the jury's question. He told the jury that an attempt to break and enter in the daytime, by

---

[4]The answer to the second question is not an issue in this case. The question and answer is as follows:

> "Number 2, does the intention of committing a felony have to be the reason for breaking and entering in the two breaking and entering indictments[?] And the answer to that is yes. One of the essential elements to breaking and entering is to commit a crime itself and there has to be evidence. Normally it would come from circumstantial evidence which would permit you to infer the necessary intent. But yes, the intention of committing a felony has to be the reason for breaking and entering. So those are the answers to the questions."

itself, is a felony. That is error. An attempt to break and enter in the daytime, by itself, is not a felony or indeed a crime. *Commonwealth* v. *Vinnecombe, supra* at 935 ("In the lexicon of Massachusetts crimes there is no such crime as 'breaking and entering' unaccompanied by intent to commit a felony . . .").[5] By stating that an attempt to break and enter is a felony, the judge's answer may have allowed the jury to find the defendant guilty of an attempt to break and enter in the daytime with the intent to commit a felony even if they determined that the only felony the defendant intended to commit was the attempt to break and enter. In view of our decision in *Commonwealth* v. *Vinnecombe, supra,* this is a legal as well as a logical impossibility. Therefore, we think that the judge's error in answering the jury's question had the effect of compounding his error in failing to define the meaning of the word "felony" and its relationship to the defendant's intent.

2. *The errors created a substantial risk of a miscarriage of justice.* "[A] defendant, in a criminal case, is entitled to have the issues of fact clearly presented to the jury and the law applicable thereto carefully explained . . . ." *Commonwealth* v. *Pickles,* 393 Mass. 775, 779 (1985), quoting from *Commonwealth* v. *Greenberg,* 339 Mass. 557, 584 (1959). See *Commonwealth* v. *Roberts,* 378 Mass. 116, 130 (1979).

"This failure to define one of the elements of the offense charged required the jury to speculate in reaching its decision. The jury could not determine, without knowing what [felony] meant in the context of this case, whether the Commonwealth had carried its burden of establishing the existence of this element beyond a reasonable doubt." *Commonwealth* v. *Niziolek,* 380 Mass. 513, 527 (1980).

Here, the defendant's intent was the principal issue at trial, and this was precisely the issue to which the judge's erroneous instructions pertained. Therefore, because the two errors by the judge created a substantial risk of a miscarriage of justice, there must be a new trial.

3. *The effect of the judge's error on the possession of burglarious tools charge.* In order to convict a person for possession of burglarious tools, the Commonwealth must prove that he knowingly possessed the tools with the requisite intent to steal or "to commit any other crime." G. L. c. 266, § 49, as appearing in St. 1966, c. 269, § 1. "[A]ny other crime" may be a felony or a misdemeanor. *Commonwealth* v. *Krasner,* 358 Mass. 727, 729-730 (1971) (Nothing in G. L. c. 266, § 49, or its history "suggests that the Legislature was not as concerned about use of an implement . . . to enter an inhabited room to commit a misdemeanor . . . as it was with situations where the prospective entrant's intention was to steal. The statutory language was not restricted"). The judge so instructed the jury.

The defendant argues that the judge's error in failing to define "felony" and his erroneous answer to the jury's question could have permitted the jury to convict the defendant of possession of burglarious tools because the jury believed that the attempt to break and enter (which is not a crime) was the "other crime."

Here, the defendant testified that he did indeed use a knife to attempt to

---

[5]However, breaking and entering into a locked building without intent to commit a felony may constitute the crime of trespass. G. L. c. 266, § 120.

break and enter the Dwight Street entrance. Because the door to the entry-way was locked, the defendant, by admitting that he used the knife to attempt to break and enter the building in order to "shoot up" heroin inside, admitted that his intention was to commit a misdemeanor, the crime of trespass. (G. L. c. 266, § 120). See *Commonwealth* v. *A Juvenile (No. 1)*, 6 Mass. App. Ct. 106, 108 (1978). In these circumstances, we do not think that the judge's error affected the guilty verdict in the possession on burglarious tools charge.

The judgment on the indictment charging attempt to break and enter in the daytime with intent to commit a felony is reversed, and the verdict is set aside. The judgment on the indictment charging possession of burglarious tools is affirmed.

*So ordered.*

*Nona E. Walker*, Committee for Public Counsel Services, for the defendant.

*Judith E. Osburn*, Assistant District Attorney, for the Commonwealth.