**STATE of Iowa, Appellee,**

v.

**Jo Ann MESCH, Appellant.**

**No. 96–1178.**

Supreme Court of Iowa.

Dec. 24, 1997.

Blair A. Bennett, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, Denver D. Dillard, County Attorney, and Jerry Vander Sanden, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.

LAVORATO, Justice.

Our attempted burglary statute provides that "[a]ny person, having the intent to commit a felony, assault or theft therein, who, having no right, license, or privilege to do so, attempts to enter an occupied ... structure commits attempted burglary." Iowa Code § 713.2 (1995). The issue is whether the State must specify the felony it seeks to prove an accused intended to commit after breaking and entering. We think the State must specify such felony and the district court must instruct on the elements constituting the felony. For that reason, a marshaling instruction in this case in terms of the statute—having the intent to commit a felony, assault or theft—was erroneous and constituted reversible error. We therefore reverse defendant's conviction and sentence of attempted burglary. We remand for a new trial.

I. *Background Facts and Proceedings.*

Beginning in late December 1986, Jo Ann Mesch and her husband Donald became locked in a bitter dissolution proceeding. Donald—but not Jo Ann—wanted the divorce. To complicate matters, Donald was seeing another woman, Donna, whom he married in February 1988, following the divorce.

As time went on, Jo Ann became increasingly bitter and angry not only with her husband but also with his attorney and even her own attorney. She felt she was being "short-changed" by everyone involved with the proceedings. At one point her attorney had strong reason to believe Jo Ann intended to cause him bodily harm. Needless to say the attorney withdrew from the case.

Toward the end of the proceedings, a hearing was scheduled to determine what was to be done with the proceeds from the sale of the marital home. During the hearing, Jo Ann hurled invectives at District Judge William R. Eads, her husband's attorney, John Maher, and her then-attorney, Gary Shea. When Judge Eads called upon her for any comments she might have, Jo Ann began addressing the two attorneys and the judge as "you three sons-of-bitches." She went on: "You hang onto that money because it's going to change from green to blood red before this is over. This isn't over until the fat lady sings and this fat lady is going to sing loud and long. If I can't get justice any other way, I'll get it my way." Just as ominously, she told those present she had a gun and knew how to use it.

Jo Ann also made disturbing comments to her children. In talking with her son, she referred to lawyers and judges as "scumbags." After she had some alcohol to drink once, she told her son, "I have a gun and I know how to use it."

In October 1995, the Meschs' daughter called her father and stepmother about a comment Jo Ann had made. The daughter warned the couple that Jo Ann had said she, Jo Ann, "was either going to end up in jail or dead."

On November 22—a month later—Jo Ann went to her ex-husband's home. According to Donna Mesch, Donald's new wife, Jo Ann went to three doors of the house before beginning to strike the glass patio door with a metallic-sounding object. Jo Ann was car-

rying a large manilla envelope. Donna then summoned the police.

Two police officers responded. When the first officer arrived, Jo Ann was attempting to leave. At this point the officers blocked Jo Ann's car with a patrol car. As one officer approached Jo Ann's car, Jo Ann reached down in the front seat area, picked up a gun, and fired it into her belly. The second officer retrieved the weapon from Jo Ann.

Later the police recovered a pry bar from the coveralls Jo Ann was wearing. In searching Jo Ann's car, the police found a box of ammunition and a US West telephone book. In the map section of the telephone book, the police found two handwritten notes containing home addresses of three individuals: Judge Eads, Maher, and Bob Shimanek, Jo Ann's first attorney. While recovering, Jo Ann told her son that his dad's place was not the only stop she was going to make.

The State charged Jo Ann with attempted first-degree burglary. Iowa Code §§ 713.2, 713.4. The case proceeded to a jury trial. The marshaling instruction that the district court submitted to the jury required the State to prove Jo Ann had "the specific intent to commit a felony, assault, or theft." In separate instructions, the court defined "assault" and "theft." The court did not specify which "felony" the State must prove Jo Ann intended to commit. Nor did the court define "felony" as it had defined "assault" and "theft."

Jo Ann's counsel objected to the instructions, arguing that the State should have to prove which specific felony it believed she intended to commit within the occupied structure. Without such a specification, counsel argued, "the jury has no information on what the elements are of all the various felonies that are out there . . . ." The district court overruled the objection. Later the jury returned a guilty verdict on attempted first-degree burglary.

Earlier Jo Ann had pled guilty to arson in the second degree. *See id.* §§ 712.1, 712.3. The district court sentenced Jo Ann to an indeterminate term not to exceed ten years on the arson conviction. *See id.* § 902.9(3).

On the attempted burglary conviction, the court sentenced Jo Ann to an indeterminate term not to exceed ten years. *See id.* The court ran the sentences consecutively but suspended the sentence on the attempted burglary conviction and placed Jo Ann on probation for five years. The sentencing order further provided that the probation on the attempted burglary conviction would not begin to run until Jo Ann had discharged her sentence on the arson conviction.

Jo Ann appealed. Although she raises several issues, she preserved only one for our review: whether the State must specify which felony or felonies it seeks to prove Jo Ann intended to commit after breaking and entering a presently occupied structure.

## II. *Scope of Review.*

■ We review district court determinations regarding jury instructions for corrections of errors at law. *State v. Kellogg,* 542 N.W.2d 514, 516 (Iowa 1996). Our task is to determine whether the instructions given correctly state the law. *State v. Predka,* 555 N.W.2d 202, 204 (Iowa 1996).

## III. *Failure to Specify a Felony.*

■ Jo Ann contends that the State must specify which felony or felonies it seeks to prove she intended to commit after breaking and entering a presently occupied structure. In support of her contention she makes the following argument:

> By not delineating specific felonies, the defendant is left to wonder whether the jury convicted her of attempted burglary because she had specific intent to commit an assault; or did the jury convict because of specific intent to commit a theft; or did the jury convict because the defendant has specific intent to commit some nebulous, unidentified felony. Only by having the trial court instruct as to what specific crimes or felonies can defense counsel fully craft an argument to confront each and every potential crime which could be used as the hook to convict the defendant of attempted burglary.

The State responds it is not required to detail the manner in which an offense is

committed, to limit theories of guilt, or to prove more than a "general criminal intent."

The narrow issue before us is this: whether the district court was required to instruct the jury on a specific felony here. Iowa Code section 713.2 defines attempted burglary:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license, or privilege to do so, attempts to enter an occupied structure ... commits attempted burglary.

We have not addressed the issue of specifying a particular felony to be committed. The jurisdictions that have addressed the issue are split. The split is due in general to the language of the particular burglary statute under consideration. One court aptly explains the split this way:

> [O]ne of the elements of common-law burglary was that the breaking and entering be "with the intent to commit a felony" therein.... "At common law no indictment for burglary was sufficient which failed to state the facts necessary to show the particular felony intended to be committed...." Thus, at common law, the indictment obviously had to plead facts showing a felony was intended because if anything other than a felony was intended the breaking and entering did not constitute burglary. So it is that those states with burglary statutes which still require an intent to commit a felony, or intent to commit a felony or larceny, or intent to commit other designated crimes, can logically require that a specific intended crime be alleged and proved. There is no similar reason to require it in the State of Washington where burglary is a statutory offense and where our burglary statutes require only an intent to commit any crime.

*State v. Bergeron,* 105 Wash.2d 1, 711 P.2d 1000, 1008 (1985) (en banc) (citations omitted) (holding that State was not required to specify felony where the only intent required in burglary statute was the "intent to commit a crime against a person or property therein" and such intent was not an element of the offense), *accord De Vonish v. Keane,* 19 F.3d 107, 109 (2d Cir.1994) (interpreting New York burglary statute and holding the lan-

guage "knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein" did not require State to designate the felony because a specific intent to commit a particular crime upon entry is not a material element of the offense); *State v. Robinson,* 289 N.J.Super. 447, 673 A.2d 1372, 1375 (1996) (holding that burglary statute using phrase "with purpose to commit an offense" after entry did not require State to specify the offense); *Commonwealth v. Alston,* 539 Pa. 202, 651 A.2d 1092, 1094 (1994) (holding that burglary statute defining burglary as "an unauthorized entry with the intent to commit a crime after entry" did not require State to specify the crime defendant intended to commit after entry).

The burglary statute in Massachusetts follows the common-law definition of burglary and defines burglary as breaking and entering "with intent to commit a felony." Mass. Gen.Laws ch. 266, § 18 (1992). In reversing a conviction for attempted burglary, the appeals court of Massachusetts said:

> The "intent to commit a felony" is an essential element of the crime proscribed by G.L. c. 266, § 18, breaking and entering in the daytime with intent to commit a felony.... In view of the different theories as to the defendant's intentions when he attempted to break and enter the building, it was of critical importance that the jury understand the meaning of "felony" and *the types of crimes that fit into that category.*

*Commonwealth v. Walter,* 40 Mass.App.Ct. 907, 661 N.E.2d 942, 944 (1996) (citations omitted) (emphasis added); *accord People v. Failla,* 64 Cal.2d 560, 51 Cal.Rptr. 103, 414 P.2d 39, 41–42 (1966) (holding that instruction in language of statute, "one who enters an apartment with intent to commit theft or any felony is guilty of burglary" was prejudicially erroneous in failing to advise jury which acts the defendant upon entry may have intended to commit would amount to felonies); *People v. Palmer,* 83 Ill.App.3d 732, 39 Ill.Dec. 262, 266, 404 N.E.2d 853, 857 (1980) (holding that instruction in terms of statute, "[a] person commits burglary when without authority he knowingly enters a building with intent to commit therein a felo-

ny or theft" was reversible error because the instruction failed to specify the felony defendant intended to commit after the breaking and entering); *State v. Linn*, 251 Kan. 797, 840 P.2d 1133, 1138 (1992) (holding that trial judge's failure to state the specific underlying felony or felonies in instruction on aggravated burglary offense "prevented jury from rendering a lawful verdict and was an error of constitutional magnitude depriving the defendant of a fair trial"); *State v. Allen*, 186 N.C. 302, 119 S.E. 504, 506 (1923) (holding that statute defining burglary in first degree as consisting of intent to commit a felony after the breaking and entering requires proof of a designated felony in order to make out the offense).

As *Bergeron* and *Walter* and the cases in accord with them demonstrate, statutory language accounts for the difference in treatment. In states where the burglary statute only requires an intent to commit a crime, a specific intent to commit a particular crime upon entry is not a material element of the offense. Thus the State need prove only a general intent, which may be inferred from the circumstances of the break-in itself. *De Vonish*, 19 F.3d at 109; *accord Alston*, 651 A.2d at 1094.

In those states where the burglary statute is in terms of an "intent to commit a felony," such an intent is an essential element of the offense. Thus, the State needs to specify the particular felony that the defendant intended to commit after the breaking and entering. This is because if anything other than a felony was intended, the breaking and entering did not constitute burglary. *Bergeron*, 711 P.2d at 1008.

As one can readily see, *Bergeron* and the cases in accord with it decline to burden the state with specifying a felony because the relevant statute prohibits entry with intent to commit "an offense," "a crime," or "any crime." These prohibitions are much broader than the common-law definition of burglary which applies only to the intent to commit "a felony."

■ In Iowa one is guilty of burglary if upon entry the person had "the intent to commit a felony, assault or theft." Iowa Code § 713.1. Similarly one is guilty of at-

tempted burglary if upon an attempted entry the person had "the intent to commit a felony, assault or theft." *Id.* § 713.2. Thus our burglary statutes are similar to the common-law definition of burglary. One of the elements of common-law burglary was that the breaking and entering be "with the intent to commit a felony" therein. *Bergeron*, 711 P.2d at 1008. In keeping with the common-law definition, we hold that the intent to commit a felony, assault or theft is an element of attempted burglary under section 713.2. The State is therefore required to specify the felony that the defendant intended to commit after the breaking and entering. To avoid confusion or speculation on the part of the jury, the district court must also instruct on the elements constituting the felony. Failure to do both is reversible error. *See State v. Gordon*, 560 N.W.2d 4, 6–7 (Iowa 1997) (holding court must leave to jury determination of elements of offense). *See also* Iowa Crim.J.Inst. 1300.4 (1993) (indicating that burglary instruction must "describe" felony).

Here, over Jo Ann's objection, the district court simply instructed the jury in terms of the statute: Jo Ann attempted to enter "with the specific intent to commit a felony, assault, or theft." The district court was required to specify what felony Jo Ann intended to commit after the breaking and entering and the elements constituting such felony. Its failure to do so constituted reversible error.

■ Requiring the State to specify the felony is not onerous. While the State may not know what the defendant *actually* intended to do inside the dwelling, the State knows very well what *evidence* of intent it has. If the State has evidence of intent to commit certain felonies, and not others, it should request instructions only on those the evidence supports. The district court cannot submit instructions on felonies for which there is no evidence. *Kellogg*, 542 N.W.2d at 516. In addition, unless we require the State to specify the felony or felonies, Jo Ann and defendants similarly situated may be convicted on nothing more than proof of "who

knows what she would have been up to had she entered."

## IV. *Disposition.*

■ Unless the State limits its prosecution and requested jury instructions to theft or an assault under Iowa Code section 713.2, the State must specify which felony it believes an attempted burglar intended to commit. In addition the district court must instruct on the elements constituting such felony. Because the instruction given here failed to meet these requirements, the district court committed reversible error in giving it. Accordingly, we reverse and remand for a new trial.

**REVERSED AND REMANDED.**