NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific* *Reporter.* *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| RONNIE J. BEASLEY II,<br><br>Appellant,<br><br>v.<br><br>STATE OF ALASKA,<br><br>Appellee. | Court of Appeals No. A-11698<br>Trial Court No. 3PA-11-3312 CR<br><br>O P I N I O N<br><br>No. 2482 — December 23, 2015 |

Appeal from the Superior Court, Third Judicial District, Palmer, Gregory Heath, Judge.

Appearances: Megan Webb, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Melissa J. Wininger-Howard, Assistant District Attorney, Palmer, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge SUDDOCK.

Pursuant to a plea agreement for open sentencing on a single count of possession of child pornography, Ronnie J. Beasley II received a sentence of 6 years with

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

3 years suspended. He now contends that as a youthful offender with no prior record, a history of post-arrest cooperation, and an endorsement of good rehabilitative prospects in his presentence report, he merited a statutory minimum sentence of 4 years with 2 years suspended. We conclude that Beasley's sentence was within the broad discretion of the trial court. But in light of the State's concession that five probation conditions are not justified by the record as it currently stands, we remand for further proceedings as to all the conditions of probation imposed by the judge.

*Background facts*

In May of 2011 a state trooper initiated an investigation into internet distribution of child pornography. The investigation ultimately led to Beasley. When interviewed by a state trooper, Beasley initially denied using file sharing software, but he later admitted using it to download child pornography.

Troopers then executed a search warrant on Beasley's residence. The troopers seized two computers. A forensic examination of Beasley's computer revealed forty-two video files and twenty-one still images depicting child pornography. One video portrayed penis-to-anus penetration of an infant. Beasley was subsequently charged with one count of possessing child pornography and one count of distributing child pornography.

Beasley pleaded guilty to the possession charge pursuant to an agreement for dismissal of the distributing charge with open sentencing by the court. The State did not allege aggravating factors, nor did Beasley allege mitigators.

The presentence report revealed that Beasley, age twenty-four, had no juvenile history of offenses, no prior adult criminal record, and no traffic violations. And while incarcerated he had no disciplinary infractions and worked as a janitor. During a presentence interview Beasley disclosed that he began viewing adult pornography at age

fifteen, and he then progressed to child pornography via comics and drawings. He denied sexual attraction to children in daily life but admitted that he fantasizes about children. He expressed confusion and dismay about his pornography addiction, and he stated that he welcomed counseling and treatment. The presentence report recommended a statutory minimum sentence of 4 years with 2 years suspended.

Although possession of child pornography is a class C felony, its punishment differs from a typical class C felony offense. The maximum possible term of imprisonment for possession of child pornography is 99 years, and the presumptive range for a first-felony offender is 2 to 12 years.[1] The court is also required to impose at least 2 years of suspended time as well as a term of probation of at least 5 years.[2]

At the sentencing hearing, Beasley's counsel told the judge that he had no objection to the presentence report beyond a request to narrow a polygraph requirement, which the judge denied. The judge sentenced Beasley to 6 years with 3 years suspended, and 5 years of probation. The presentence report recommended twelve general conditions and twenty-two special conditions of probation, collectively comprising four pages of single-spaced paragraphs. The court adopted all the proposed probation conditions without discussion.

*The sentence was not clearly mistaken*

We review excessive sentence claims under a deferential clearly-mistaken standard.[3] This test is "founded on two concepts: first, that reasonable judges, confronted with identical facts, can and will differ on what constitutes an appropriate

---

[1]   AS 12.55.125(i)(4).

[2]   AS 12.55.125(o).

[3]   *McClain v. State*, 519 P.2d 811, 813-14 (Alaska 1974).

sentence; [and] second, that society is willing to accept these sentencing discrepancies, so long as a judge's sentencing decision falls within a permissible range of reasonable sentences."[4]

The sentencing judge did not adopt the presentence report's recommendation of the minimum term of 4 years with 2 years suspended. He found that Beasley's offense required a longer term of imprisonment, despite Beasley's "good prospects for rehabilitation." The judge emphasized community condemnation, stating that society considers child pornography to be a "severe" criminal offense, with the "most innocent of victims." In particular, the judge noted the extent of Beasley's child pornography collection. Accordingly, he imposed 3 years to serve rather than the 2-year sentence recommended in the presentence report.

The record supports the judge's decision. Considering that the sentence is toward the low end of the presumptive range, it is apparent that the judge took into account Beasley's lack of a criminal record, his youth, his cooperation with law enforcement, his acknowledgment of wrongdoing, his desire to receive treatment, and his "good prospects for rehabilitation." While another judge might with equal validity have considered Beasley a good candidate for a minimum sentence that placed greater emphasis on his rehabilitation prospects, Beasley has not shown that the sentencing judge imposed a sentence that was clearly mistaken.

*The probation conditions*

Beasley next challenges seven of his probation conditions — one general condition and six special conditions. Under Alaska law, all probation conditions must

---

[4]  *State v. Korkow*, 314 P.3d 560, 562 (Alaska 2013) (internal quotation marks and original citation omitted).

be "reasonably related to the rehabilitation of the offender and the protection of the public and must not be unduly restrictive of liberty."[5] The State concedes that the court failed to enter findings required to support five of the special conditions under this standard. That concession is well-taken. In fact, the court did not make *any* findings regarding probation conditions, but rather adopted wholesale the twelve general conditions and twenty-two special conditions of probation proposed in the presentence report.

Some of the conditions are facially unrelated to Beasley's crime and life circumstances or are not self-evidently applicable. Others are overly broad or poorly defined. For example, the court ordered Beasley, a non-violent offender, to submit to a search of his person, home, or vehicle for a deadly weapon. But under Alaska law a sentencing court must express a case-specific basis for any requirement of warrantless submission to searches for drugs, weapons, or other items.[6] The State agrees that this condition should be vacated.

Similarly, the State agrees that remand is necessary for the court to revisit its conditions regarding possession of any sexually explicit material, presence in businesses selling this material, or submission to search for this broad class of contraband. This concession is appropriate in light of our decision in *Diorec v. State*, where we held that the phrase "sexually explicit material" is unconstitutionally vague.[7] And the State agrees that a requirement that Beasley disclose his criminal history to "all persons with whom he has a significant relationship, or with whom he is closely affiliated" cannot stand as written. In *Smith v. State* this Court rejected a nearly identical

---

[5] *Roman v. State*, 570 P.2d 1235, 1240 (Alaska 1977).

[6] *Id.* at 1243; *State v. Thomas*, 133 P.3d 684, 685 (Alaska App. 2005).

[7] *Diorec v. State*, 295 P.3d 409, 417 (Alaska App. 2013).

probation condition as impermissibly vague.[8] In particular, the Court held that the terms "significant relationship" and "closely affiliated" provide "constitutionally inadequate notice of when an association with another person becomes sufficiently 'close' or 'significant' that a probationer will be subject to prosecution for failing to disclose his criminal history to the person."[9] And while the State defends the superior court's alcohol restriction and breath analysis requirement, those conditions also require explicit judicial findings, because there is no history of substance abuse in the record.

Finally, the State apparently did not file a forfeiture motion regarding the two seized computers. If that matter has not yet been resolved, the court should address it on remand.

Alaska law prohibits a sentencing judge from imposing undue restrictions on a probationer. Thus a judge must affirmatively review the State's proposed probation conditions. A judge may not delegate this responsibility to the presentence report author, even if the defense does not object to the proposed conditions of probation. We are cognizant of the burden this requirement imposes on judges facing multiple change-of-plea proceedings that will collectively consume many hours. But that burden is an unavoidable consequence of the Alaska Supreme Court's holding in *Roman v. State* that a judge may only impose probation conditions that are "reasonably related to the rehabilitation of the offender and the protection of the public and [that are not] unduly restrictive of liberty."[10]

---

[8] *Smith v. State*, 349 P.3d 1087, 1095 (Alaska App. 2015).

[9] *Id.*

[10] *Roman v. State*, 570 P.2d 1235, 1240 (Alaska 1977).

*Conclusion*

This Court AFFIRMS the term of imprisonment imposed by the superior court. This Court REMANDS for further proceedings regarding the imposed probation conditions, to be held within sixty days. If Beasley then objects to any imposed condition he shall file a brief within thirty days of the superior court's order amending the conditions of probation, and the State shall file responsive briefing thirty days thereafter. This Court retains jurisdiction.