*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| STATE OF ALASKA, | ) | |
| | ) | Supreme Court No. S-16365 |
| Petitioner, | ) | Court of Appeals No. A-11805 |
| | ) | |
| v. | ) | Superior Court No. 4FA-11-02590 CR |
| | ) | |
| DEAN MICHAEL RANSTEAD, | ) | O P I N I O N |
| | ) | |
| Respondent. | ) | No. 7234 – April 6, 2018 |
| | ) | |

Petition for Hearing from the Court of Appeals of the State of Alaska, on appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Michael P. McConahy, Judge.

Appearances: Donald Soderstrom, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Petitioner. Sandra K. Rolfe, Stepovich & Vacura Law Office, Fairbanks, for Respondent. Josie Garton, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for Amicus Curiae, Alaska Public Defender Agency.

Before: Stowers, Chief Justice, Maassen, Bolger, and Carney, Justices, and Eastaugh, Senior Justice.[*] [Winfree, Justice, not participating.]

BOLGER, Justice.

---

[*] Sitting by assignment made under article IV, section 11 of the Alaska Constitution and Alaska Administrative Rule 23(a).

## I.    INTRODUCTION

In *Roman v. State*, we recognized that conditions of probation and parole "must be reasonably related to the rehabilitation of the offender and the protection of the public and must not be unduly restrictive of liberty."[1]  The court of appeals recently read *Roman* as requiring that a sentencing court affirmatively review all probation conditions proposed in the presentence report, even if the defendant has not objected to those conditions.[2]   It applied that requirement to Dean Ranstead's sentence appeal and remanded to the superior court.  The State of Alaska petitioned for hearing.  We agree with the court of appeals that a sentencing court bears responsibility for ensuring that probation conditions satisfy the requirements of *Roman* and are not otherwise illegal. But a sentencing court is not required to make particularized findings to support the imposition of a proposed probation condition to which the defendant has not objected. We therefore reverse the court of appeals' decision to the extent it vacated probation conditions to which Ranstead did not object.

## II.    FACTS AND PROCEEDINGS

Dean Ranstead pleaded guilty to second-degree sexual assault.[3] Before the sentencing hearing, a probation officer prepared a presentence report.[4]   The report recommended that the superior court sentence Ranstead to a term of imprisonment followed by a term of probation and that the court impose 11 "general" probation

---

[1]     *Roman v. State*, 570 P.2d 1235, 1240 (Alaska 1977); *see also Sprague v. State*, 590 P.2d 410, 417-18 (Alaska 1979).

[2]     *Beasley v. State*, 364 P.3d 1130, 1133 (Alaska App. 2015); *see also Martin v. State*, No. A-11885, 2017 WL 4863249, at *2 (Alaska App. Oct. 25, 2017); *Ranstead v. State*, No. A-11805, 2016 WL 2944797, at *4 (Alaska App. May 18, 2016).

[3]     AS 11.41.420(a)(3).

[4]     *See* Alaska R. Crim. P. 32.1(b).

conditions and 26 "special" conditions.  Ranstead filed written objections to 10 of the recommended special conditions of probation.

At the sentencing hearing, the superior court explained that it had reviewed the case file, the presentence report, substance abuse and psychological evaluations, and letters in support of Ranstead and the victim.  The court further stated that it had "s[een] a fair amount of information from grand jury tapes to a lot of other things" and that it thus "ha[d] a broader sense of the operative facts and the percipient witnesses than is the normal case."  The victim, the prosecutor, Ranstead, and Ranstead's attorney all made statements.

The court discussed and weighed various statutory sentencing considerations,[5] generally known as the *Chaney* factors.[6]  Based on these considerations, the court sentenced Ranstead to 14 years' imprisonment with 8 years suspended, to be followed by 10 years' probation.  The court addressed and overruled Ranstead's objections to the proposed special conditions of probation.  It adopted all of the proposed general and special conditions without additional substantive discussion.

Ranstead appealed his sentence to the court of appeals, challenging — among other things — a number of the imposed conditions of probation.  In his brief, he challenged one of the general conditions, which he had not objected to in the superior court, and ten special conditions, including one which he had not objected to in the superior court.  The court of appeals rejected Ranstead's challenge to the general condition[7] but vacated all ten of the special conditions which he had challenged on

---

[5]     AS 12.55.005.

[6]     *See State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

[7]     *Ranstead*, 2016 WL 2944797, at *4.

appeal.[8]  The court also struck down two conditions that Ranstead had not objected to in the superior court or challenged on appeal.[9]

Further, the court of appeals noted that it had recently held in *Beasley v. State*[10] that "a judge must affirmatively review the State's proposed probation conditions to ensure that they are both appropriate and constitutionally permissible" and that "[a] judge may not delegate this responsibility to the presentence report author, even if the defense does not object."[11]  The court determined that "[i]n Ranstead's case, the superior court adopted all of the conditions of probation recommended in the presentence report, without subjecting them to the required critical review."[12]  The court consequently vacated all of the remaining conditions — even though Ranstead had not objected to most of them in the superior court and had not challenged any on appeal — and ordered that these conditions be reconsidered on remand.[13]

The State filed a petition for hearing with this court,[14] contending that "[t]here is no basis for a rule requiring trial judges to make explicit findings about probation conditions when the defendant raises no objection" and that "this rule imposes a great burden on trial courts."  We granted the petition and ordered briefing from the

---

[8]  *Id.* at *4-7.

[9]  *Id.* at *5-6.

[10]  364 P.3d 1130 (Alaska App. 2015).

[11]  *Ranstead*, 2016 WL 2944797, at *4 (alterations omitted) (quoting *Beasley*, 364 P.3d at 1133).

[12]  *Id.*

[13]  *Id.* at *4, *7.

[14]  Alaska R. App. P. 302(a).

parties on two issues: (1) In cases where there is a presentence report that recommends special probation conditions, does a defendant need to object to a proposed probation condition to preserve the issue for appeal? (2) Is the sentencing judge required to make findings in support of probation conditions that a defendant has not objected to?

## III. STANDARD OF REVIEW

Whether a defendant must object to a probation condition in the sentencing court to preserve an appellate challenge is a question of law.[15] The extent to which a sentencing court must make findings before imposing an uncontested probation condition is also a question of law.[16] When reviewing questions of law, we exercise our independent judgment and adopt those rules of law that are "most persuasive in light of precedent, reason, and policy."[17]

## IV. DISCUSSION

In *Roman v. State*, we recognized "that parole conditions must be reasonably related to the rehabilitation of the offender and the protection of the public and must not be unduly restrictive of liberty."[18] The same restrictions apply to probation

---

[15] *Cf. Johnson v. State*, 328 P.3d 77, 81 (Alaska 2014) ("The proper extent of appellate review for an unpreserved claim of constitutional error is a question of law . . . .").

[16] *Cf. State v. Schmidt*, 323 P.3d 647, 655 (Alaska 2014) ("Whether there are sufficient findings for informed appellate review is a question of law." (quoting *Hooper v. Hooper*, 188 P.3d 681, 685 (Alaska 2008))).

[17] *Johnson*, 328 P.3d at 81 (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n.6 (Alaska 1979)).

[18] *Roman v. State*, 570 P.2d 1235, 1240 (Alaska 1977).

conditions.[19]  At the time of the *Roman* decision, the constitutional principles of reformation of the offender and protection of the public constituted "the touchstones of penal administration."[20]  The Alaska Constitution has since been amended to specify additional principles.[21]  Article 1, section 12 now provides in pertinent part:  "Criminal administration shall be based upon the following:  the need for protecting the public, community condemnation of the offender, the rights of victims of crimes, restitution from the offender, and the principle of reformation."  Each component of a criminal sentence — including conditions of probation — must be reasonably related to at least one of these constitutional principles.[22]

As noted above, *Roman* also requires that conditions of probation and parole "not be unduly restrictive of liberty."[23]  A condition that restricts constitutional rights may "be subject to special scrutiny."[24]  For example, a condition restricting

---

[19]     *See Sprague v. State*, 590 P.2d 410, 417-18 (Alaska 1979).

[20]     *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970) (citing Alaska Const. art. I, § 12 (amended 1994)).

[21]     *See State v. Carlin*, 249 P.3d 752, 758 (Alaska 2011) ("In 1994 Alaska's voters overwhelmingly approved the Rights of Victims of Crime Amendment to the Alaska Constitution. . . .  The amendment . . . revised article I, section 12, which enumerates the goals of the criminal justice system.").

[22]     *Forster v. State*, 236 P.3d 1157, 1174 (Alaska App. 2010); *see also* AS 12.55.005 (enumerating considerations in imposing sentence); *Koteles v. State*, 660 P.2d 1199, 1201-02 (Alaska App. 1983) (Singleton, J., concurring) (describing discussion of the relevant language at the Alaska Constitutional Convention and analyzing delegates' interpretation of similar language in the Indiana Constitution).

[23]     *Roman*, 570 P.2d at 1240.

[24]     *Id.* at 1241 (quoting *United States v. Consuelo-Gonzalez*, 521 F.2d 259, 265 (9th Cir. 1975)); *see also Glasgow v. State*, 355 P.3d 597, 600 (Alaska App. 2015).

internet access must be narrowly tailored;[25] an otherwise warranted restriction may be impermissible if it does not allow a probation or parole officer to authorize necessary internet use under appropriate circumstances.[26] A restriction on the possession of sexually explicit material may be unconstitutionally vague if it is not adequately defined.[27] And a condition that allows a warrantless search must bear "a direct relationship" to the nature of the defendant's conviction.[28]

It is a sentencing court's obligation to ensure that these requirements are satisfied when imposing probation conditions,[29] as the State concedes. The court "may not delegate this responsibility to the presentence report author, even if the defense does not object."[30] That a sentencing court may only impose probation conditions consistent with *Roman* does not mean, though, that a sentencing court must make express findings for or otherwise justify each condition on the record. Nor does it furnish an exception

---

[25] *Cf. Packingham v. North Carolina*, 137 S. Ct. 1730, 1735-37 (2017).

[26] *Dunder v. State*, No. A-10205, 2009 WL 1607917 (Alaska App. June 10, 2009).

[27] *Diorec v. State*, 295 P.3d 409, 417 (Alaska App. 2013).

[28] *Roman*, 570 P.2d at 1242-43.

[29] *Cf. Shelton v. State*, 611 P.2d 24, 25 (Alaska 1980) ("[T]he sentencing court is responsible for determining the priority and relationship of various relevant sentencing goals . . . .").

[30] *Beasley v. State*, 364 P.3d 1130, 1133 (Alaska App. 2015); *see also United States v. Siegel*, 753 F.3d 705, 714 (7th Cir. 2014) (noting the trial court's "independent duty to determine the reasonableness of every part of a sentence, including the conditions of supervised release").

to the well-established principle that a "defendant must raise an objection in the trial court in order to preserve that argument for appeal."[31]

In the present case, the parties and the superior court addressed the proposed probation conditions in accordance with the framework set forth in Alaska Rules of Criminal Procedure 32.1 and 32.2. Rule 32.1(d)(5) requires a defendant to "give notice of any objection to any information contained in the presentence report." Ranstead did so by filing written objections to certain factual assertions and to ten of the special conditions recommended in the report. Rule 32.1(f) provides that "[t]he court shall give the parties the opportunity to present evidence and argument on the disputed factual and legal issues related to sentencing." The superior court afforded the parties such an opportunity here. Ranstead's written objections to the proposed probation conditions contained substantive legal and factual argument, and he did not seek to present additional evidence or argument on the proposed probation conditions at the sentencing hearing.

Rule 32.1(f)(5) requires that a sentencing court "enter findings regarding any disputed assertion in the presentence report," and Rule 32.2(c)(1) requires that a sentencing court "state clearly the precise terms of the sentence, the reasons for selecting the particular sentence, and the purposes the sentence is intended to serve." The court in this case complied with these requirements. It addressed all of Ranstead's objections on the record. In overruling these objections, the court made findings where appropriate and stated its reasoning. Further, before imposing the probation conditions and the rest of the sentence, the court discussed and weighed the constitutional sentencing principles in light of the circumstances of the case and noted that it had considered the presentence report and various other sources of information. The Criminal Rules do not require a

---

[31] *Johnson v. State*, 328 P.3d 77, 82 (Alaska 2014).

sentencing court to expressly rule on proposed probation conditions that neither party contests.

Not only was the procedure followed by the superior court consistent with Rules 32.1 and 32.2, but it also was a fair and orderly method for ruling on the proposed conditions. Our adversary system of justice "is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief."[32] Counsel for the defendant and for the State thus have a "role . . . in aiding the trial court."[33] When a party objects to proposed probation conditions, it puts the court and the other party on notice that the conditions may be problematic. This enables the other party to marshal evidence and argument in support of the disputed conditions[34] and focuses the sentencing court's attention on the issues that really matter.[35] It also provides an opportunity for the court to ask the probation officer who authored the presentence report to explain the basis for the contested conditions.[36]

Where, however, no party objects to a proposed probation condition, a sentencing court — having conducted its own review of the condition and found nothing

---

[32]   *Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (quoting *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in the judgment)).

[33]   *Khan v. State*, 278 P.3d 893, 901 (Alaska 2012).

[34]   *See Peeples v. Lampert*, 191 P.3d 637, 642 (Or. 2008) (en banc) (explaining that an objection requirement "ensures fairness to an opposing party, by permitting the opposing party to respond to a contention and by otherwise not taking the opposing party by surprise").

[35]   *Cf. United States v. Padilla*, 415 F.3d 211, 225 (1st Cir. 2005) (Boudin, C.J., concurring) ("The time of a judge is scarcest of all judicial resources.").

[36]   The probation officer who authored the presentence report attended the sentencing hearing in the present case.

evidently problematic — can sensibly conclude that the condition is reasonably related to the goals of sentencing, not unduly burdensome, and not otherwise illegal. A sentencing court need not address an uncontested condition on the record. The record in the present case is therefore adequate to show that the superior court affirmatively considered all of the proposed probation conditions before imposing them.

By failing to object to certain proposed conditions of probation, Ranstead failed to preserve an appellate challenge to those conditions.[37] "No procedural principle is more familiar" than that a right "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."[38] The requirement of timely objection "is not some arbitrary rule imposed by irascible appellate judges for the purpose of shielding themselves from work."[39] Rather, the requirement serves important judicial policies. It ensures that "litigation in the trial court remains the 'main event' (as opposed to the appeal)."[40] It allows the opposing party to respond to the objection with evidence and argument.[41] It provides the

---

[37]    However, if a sentencing court imposes conditions of probation that were not proposed or discussed before sentencing, a defendant need not object to preserve an appellate challenge to the condition. *See Vent v. State*, 288 P.3d 752, 755 (Alaska App. 2012) ("[A]n objection is not required to preserve an issue for appeal if the appealing party had no opportunity to make an objection."); *Marunich v. State*, 151 P.3d 510, 522 (Alaska App. 2006).

[38]    *United States v. Olano*, 507 U.S. 725, 731 (1993) (quoting *Yakus v. United States*, 321 U.S. 414, 444 (1944)).

[39]    *Pierce v. State*, 261 P.3d 428, 433 (Alaska App. 2011).

[40]    *Id.*

[41]    *Id.*

trial court an opportunity to promptly correct the alleged error.[42]  And it ensures that there is both a ruling and a developed factual record for the appellate court to review.[43]

There is no reason to deviate from the timely objection rule here as the foregoing policy motivations all apply in the sentencing context.  Indeed, there are additional considerations that apply in this context.  As the State points out, "[u]nlike during trial, a defense attorney need not make a split-second decision whether to object" to proposed probation conditions; rather, the attorney has an opportunity to review the presentence report before the sentencing hearing and file written objections.  We can thus rely on defense counsel to protect a defendant's interests at sentencing.

More importantly, in deciding whether to impose proposed probation conditions, a sentencing court is unlikely to consider each condition in a vacuum.  The conditions may be interrelated and mutually supporting.[44]  This appears to be the case here, where, for example, the probation officer recommended — and the court imposed — a battery of conditions related to Ranstead's substance abuse problem:  conditions requiring Ranstead to abstain from alcohol and illegal drugs, submit to a drug test or a physical search for drugs and alcohol at the request of a probation officer, not enter bars, and complete substance abuse treatment if such treatment is recommended by an appropriate professional.

Further, some probation conditions are chosen to protect the public and ensure rehabilitation of the offender; a sentencing court likely takes these conditions and their probable effectiveness into account in deciding the length of a defendant's

---

[42]     *Johnson v. State*, 328 P.3d 77, 82 (Alaska 2014).

[43]     *Id.*

[44]     *See United States v. Ray*, 831 F.3d 431, 438 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 697 (2017).

sentence.[45]  Under current double jeopardy doctrine, a trial court may be precluded from increasing the length of a sentence post-appeal to account for any probation conditions struck down by an appellate court.[46]  Allowing a defendant to attack conditions of probation piecemeal on appeal without first bringing the purported errors to the attention of the sentencing court may thus undermine the sentencing court's well-considered schema.  It could also encourage defendants to strategically withhold objections in the hope of obtaining a short sentence without the restrictive probation conditions meant to support it.[47]

Although Ranstead failed to preserve in the sentencing court challenges to a number of probation conditions, the court of appeals may still review those conditions for plain error.[48]  Under the plain error test, an appellate court may grant relief from an improper probation condition if the sentencing court erred in imposing it and if this error "(1) was not the result of intelligent waiver or a tactical decision not to object; (2) was

---

[45]   *See id.*  The Public Defender Agency, as amicus curiae, contends that "if a judge decides to impose a lower active term of imprisonment in reliance on particular conditions of probation, the judge should articulate this reasoning on the record."  But such reasoning may be implicit in a court's choice of conditions, choice of sentence length, and discussion of the sentencing factors, and the Agency has not persuasively explained why we should require an explicit statement of the reasoning.

[46]   *See Christensen v. State*, 844 P.2d 557, 559 (Alaska App. 1993) ("[A]n illegal sentence should not be increased unless absolutely necessary to correct the illegality.").

[47]   *Cf. Miller v. State*, 312 P.3d 1112, 1115 (Alaska App. 2013).

[48]   Alaska R. Crim. P. 47(b); *Moreno v. State*, 341 P.3d 1134, 1139 (Alaska 2015); *see Twogood v. State*, 223 P.3d 641, 647 (Alaska App. 2010) (reviewing an uncontested probation condition for plain error).

obvious; (3) affected substantial rights; and (4) was prejudicial."[49]  Thus, for example, an appellate court can reverse a probation condition that is plainly contrary to *Roman* where the error is prejudicial, affects substantial rights, and was not the product of an intelligent waiver or tactical choice.  If the error in the probation condition is of a constitutional nature, the error "will always affect substantial rights and will be prejudicial unless the State proves that it was harmless beyond a reasonable doubt."[50]

To sum up, we hold that a sentencing court need not make detailed findings to support the imposition of uncontested conditions of probation.  A sentencing court's compliance with the procedure set forth in Rules 32.1 and 32.2 and the court's general application of the pertinent sentencing principles[51] suffice to show that the court has discharged its duties under *Roman*.  We also hold that a defendant must object to a proposed probation condition to preserve an appellate challenge and that if a defendant fails to do so, an appellate court may review for plain error.[52]  The court of appeals thus should not have vacated the probation conditions to which Ranstead failed to object in the superior court, without first applying the plain error test.[53]

---

[49]  *Adams v. State*, 261 P.3d 758, 764 (Alaska 2011).

[50]  *Id.* at 773.

[51]  *See* Alaska Const. art. I, § 12; AS 12.55.005; *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

[52]  We overrule *Beasley v. State*, 364 P.3d 1130 (Alaska App. 2015), to the extent that it is inconsistent with these principles.

[53]  We additionally note that a number of the probation conditions that the court of appeals vacated had not been challenged by Ranstead on appeal.  Appellate courts typically do not address issues that the parties have not briefed.  *See, e.g.*, *Munn v. Thornton*, 956 P.2d 1213, 1221 n.11 (Alaska 1998); *see also State v. Howard*, 357 P.3d 1207, 1214 (Alaska App. 2015) (Mannheimer, C.J., concurring) ("[I]t is usually a

(continued...)

Ranstead argues against a requirement that a defendant object to probation conditions before sentencing, noting that "[u]nreasonable and overly restrictive conditions could undermine the very purpose of probation and the ability of a criminal defendant to successfully complete probation."[54] Likewise, the Public Defender Agency, as amicus curiae, claims that *Beasley* and similar cases are a response to sentencing courts "abdicati[ng] . . . their responsibility to determine whether proposed conditions

---

[53]    (...continued)
mistake for the court to issue a ruling that both raises the issue and decides it *sua sponte*. This kind of judicial decision-making, done without the benefit of adversarial briefing and argument, provides 'fertile conditions for the creation of judicial error.' " (quoting *State v. Angaiak*, 847 P.2d 1068, 1073 (Alaska App. 1993))). Citing *Matthews v. Matthews*, 739 P.2d 1298, 1299 (Alaska 1987), and *United States v. Foxman*, 87 F.3d 1220, 1222 n.1 (11th Cir. 1996), Ranstead contends that "[r]equiring a trial court to consider other issues when a case is remanded on other grounds is an accepted practice by appellate courts." But the cases he cites do not support an exception to the plain error rule or to the principle that appellate courts generally limit their review to the issues presented by the parties.

[54]    We take the opportunity to point out that a defendant's unwillingness to submit to conditions that are inconsistent with *Roman* or are otherwise illegal is not the same as an unwillingness to be supervised and should not be construed as such by a sentencing court. On the contrary, unnecessary or illegal probation conditions may undermine the goals of sentencing and waste state resources, and challenges to these conditions should be welcomed. *See Roman v. State*, 570 P.2d 1235, 1243 (Alaska 1977) (citing Note, *Striking the Balance Between Privacy and Supervision: The Fourth Amendment and Parole and Probation Officer Searches of Parolees and Probationers*, 51 N.Y.U. L. REV. 800, 816 (1976)); ROGER K. WARREN, NAT'L CTR. FOR STATE COURTS, EVIDENCE-BASED PRACTICE TO REDUCE RECIDIVISM: IMPLICATIONS FOR STATE JUDICIARIES iii, 33-34 (2007), https://ncsc.contentdm.oclc.org/ digital/collection/criminal/id/167/ ("Imposing additional conditions of probation beyond those directly related to the offender's risk level or needs only distracts and impedes the offender and probation officer and undermines the ability of both the court and the probation officer to hold the defendant accountable for compliance with essential conditions.").

meet the standards established in *Roman*."[55] But Ranstead's and the Agency's arguments do not justify forcing sentencing courts to make findings on uncontested issues or warrant abandoning the issue preservation doctrine in this context. On the contrary, the best way to ensure that courts impose lawful probation conditions and that they discharge their duties under *Roman* is for defendants to make timely objections to the potentially problematic conditions.

Ranstead also cites case law from other states holding that "[a] defendant is not required to make a contemporaneous objection to conditions of probation which are illegal."[56] But conditions of probation are not illegal merely because a sentencing court fails to make findings or explicitly justify each probation condition.[57] Rather, an illegal condition of probation is one that is substantively erroneous — that is, actually contrary to *Roman* or other applicable law.[58] The court of appeals did not make such a

---

[55] *See Ingles v. State*, No. A-11182, 2015 WL 5086373, at *3 (Alaska App. Aug. 26, 2015) ("This Court has recently seen several cases where sentencing judges more or less automatically imposed a list of restrictive conditions of probation proposed by the Department of Corrections, without a case-specific analysis of whether those conditions were justified under the *Roman* test." (quoting *Packard v. State*, No. A-11187, 2014 WL 2526118, at *5 (Alaska App. May 21, 2014) (Mannheimer, C.J., concurring))).

[56] *Hughes v. State*, 667 So. 2d 910, 912 (Fla. Dist. App. 1996); *see also State v. Lathrop*, 781 N.W.2d 288, 294 (Iowa 2010). *But see Lockuk v. State*, 153 P.3d 1012, 1017-18 (Alaska App. 2007) (reviewing an unpreserved illegal sentence claim for plain error).

[57] *Cf. Lathrop*, 781 N.W.2d at 294 (explaining that Iowa's illegal sentence exception to the contemporaneous objection rule does not apply to "sentences that are within the court's statutory and constitutional authority but were procedurally flawed or imposed in an illegal manner"); *State v. Stiles*, 197 P.3d 966, 968 (Mont. 2008) ("A sentence that falls within the statutory parameters constitutes a legal sentence.").

[58] *See Bishop v. Municipality of Anchorage*, 685 P.2d 103, 105 (Alaska App.
(continued...)

substantive determination in the present case when it vacated the uncontested probation conditions.

Ranstead further argues that we should affirm the judgment of the court of appeals because "whether the appeal of special conditions of probation is based on objections in the trial court or under the plain error doctrine, the same standard of review is applied by the appellate court." According to Ranstead, for both preserved and unpreserved error, the question is whether "the special condition [is] consistent with *Roman*." But this is incorrect. Under plain error review, the proper inquiry is whether the probation condition is plainly inconsistent with *Roman* (or otherwise plainly erroneous).[59]

---

**58** (...continued)
1984) (setting forth three examples of illegal sentences: "(1) a sentence that was contrary to the applicable statute . . . ; (2) a written judgment not conforming to the oral pronouncement of sentence; [and] (3) 'a sentence that is ambiguous with respect to the time and manner in which it is to be served' " (quoting 3 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 582, at 381-82 (2d ed. 1982))). This is not to say that a procedural defect cannot be a basis for reversal of a probation condition if the challenge to the defect is preserved or if the procedural defect constitutes plain error.

**59** The Public Defender Agency, as amicus curiae, makes a related argument. It notes that appellate courts in this state review sentences under a clearly mistaken standard of review and that the court of appeals has applied an abuse of discretion standard in reviewing probation conditions. *See McClain v. State*, 519 P.2d 811, 813-14 (Alaska 1974); *Allen v. Municipality of Anchorage*, 168 P.3d 890, 895 (Alaska App. 2007). The Agency contends that "[w]hether this court reviews . . . imposition of probation conditions for abuse of discretion or for plain error, the same legal standard applies." The Agency's argument fails because the court of appeals did not apply an abuse of discretion, a clearly mistaken, or a plain error standard of review when it vacated Ranstead's uncontested probation conditions. *See Ranstead v. State*, No. A-11805, 2016 WL 2944797, at *4 (Alaska App. May 18, 2016). Whether these three standards of review are similar as a practical matter — an issue not presented in the present discretionary appeal — is thus beside the point.

Finally, Ranstead argues that the rules announced in the present opinion — that sentencing courts need not make detailed findings on uncontested probation conditions and that a defendant must timely object to a proposed probation condition to preserve an appellate challenge — should operate prospectively and should not apply to him. "We consider three factors when deciding whether to apply a new rule retroactively or prospectively: (1) the purpose to be served by the new rule; (2) the extent of reliance on the old rule; and (3) the effect on the administration of justice of a retroactive application . . . ."[60] The purpose served by the rules announced in this case — namely, ensuring an orderly and fair adjudication of proposed probation conditions — is an important one and one that weighs in favor of retroactive application. The reliance on the old rule is minimal. The "old" rule — the one set forth in *Beasley* — is only about two years old.[61] Ranstead did not rely on it himself, as he was sentenced before *Beasley* was issued. It is conceivable that some other defendants have withheld objections to probation conditions in reliance on *Beasley*, but this would "not [be] the type of reliance we want to encourage as a matter of policy."[62] Finally, we see no reason why application of the rules in the present case to Ranstead or others similarly situated would have an adverse effect on the administration of justice. We therefore reject Ranstead's prospective-application argument.

## V.    CONCLUSION

We REVERSE the court of appeals' decision to the extent that it vacates conditions of probation to which Ranstead did not object in the superior court and REMAND to the court of appeals for further proceedings consistent with this opinion.

---

[60]    *State v. Semancik*, 99 P.3d 538, 543 (Alaska 2004).

[61]    *See Beasley v. State*, 364 P.3d 1130 (Alaska App. 2015).

[62]    *Semancik*, 99 P.3d at 543.