*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| MICK MANNS and CECILIA MANNS, | ) ) ) | Supreme Court No. S-17042 |
| Appellants, | ) ) | Superior Court No. 4FA-15-01347 CI |
| v. | ) ) | O P I N I O N |
| STATE OF ALASKA, DEPARTMENT OF NATURAL RESOURCES, DIVISION OF MINING, LAND AND WATER, | ) ) ) ) ) | No. 7476 – August 7, 2020 |
| Appellee. | ) ) ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Jane F. Kauvar, Judge.

Appearances: Mick Manns and Cecilia Manns, pro se, Fairbanks, Appellants. Jason R. Hartz, Senior Assistant Attorney General, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices. [Stowers, Justice, not participating.]

BOLGER, Chief Justice.

# I.    INTRODUCTION

Mick and Cecilia Manns made unsuccessful applications for preference rights to purchase certain State land. The Mannses argue they are entitled to a preference right under AS 38.05.035(f) based on their business use of the land beginning in the mid-1970s. But this statute required the Mannses to establish business use beginning at least five years prior to State selection; in this case, the State selection occurred in 1972. The statute also required the Mannses to show some income reliance on the land for the five years preceding their application, but the Mannses did not submit any such evidence. We therefore affirm the superior court's decision affirming the decision of the Alaska Department of Natural Resources (DNR) to deny the Mannses' application.

# II.    FACTS AND PROCEEDINGS

In 1972 the State of Alaska selected Township 30 North, Range 17 West, Fairbanks Meridian (the township) as part of its statehood entitlement.[1] The federal government tentatively approved the State's selection in 1980, conveying all rights, title, and interest to the State on that date.[2] The township was patented to the State in 1986.

Meanwhile, in 1976 RY-J Mining Company, Inc. filed location notices for mining claims at the junction of Birch Creek and Flat Creek in sections 8 and 9 of this township. In 1979 correspondence with the federal Bureau of Land Management, the Mannses asserted they were "in the [RY-J corporation]." In an attachment to a 1984 loan application, the Mannses stated that they started the mining business "with Ry-Jay" in

---

[1]    *See Moore v. State, Dep't of Nat. Res.*, 992 P.2d 576, 578 (Alaska 1999) ("State-selected land is land for which the state has filed a selection application with the United States under Section 6 of the Alaska Statehood Act.").

[2]    43 U.S.C. § 1635(c)(1) (1980).

1970 or 1974. RY-J transferred these mining claims to Fred Hall in 1980, and Hall then transferred them to Mick Manns in 1984.

Over the years the Mannses filed several applications to lease or purchase land in this general area. Although they received temporary land use permits, they never successfully completed the requirements necessary for a long-term lease or purchase.

In 2007 the Mannses applied to the DNR Division of Mining, Land and Water (the Division) for preference rights for a negotiated purchase of two parcels comprising ten acres in this same area. The applications stated the Mannses owned improvements on the land including a 10,000 square foot building and an airstrip. The Mannses stated they intended to use the land as a mining operation headquarters, a wilderness recreation site, and a religious camp. They checked boxes on the form applications asserting they qualified for preference rights under eight different statutes.

The Division asked the Mannses to provide a statement detailing their qualifications for these preference rights and a more detailed location of the lands they wanted to purchase. In response the Mannses submitted hundreds of pages of documents. The Division concluded these documents were not responsive and again asked the Mannses to provide a detailed location of the lands and detailed statements of their entitlement to preference rights under each chosen statute. The Mannses did not respond to this request.

The Division concluded the Mannses did not qualify for a preference right under any of the statutes they checked on their application. With respect to AS 38.05.035(f),[3] the Division concluded that the Mannses failed to have a valid mining

---

[3]     AS 38.05.035(f) provides in pertinent part:

The director shall grant a preference right to the purchase or lease without competitive bid of up to five acres of state land

(continued...)

claim to the lands while they were under federal control; that the Mannses failed to show they had a bona fide business as evidenced by proper licensing during the statutory period; and that they had submitted nothing indicating they met the income reliance requirement.

The Mannses appealed the Division's decision to the DNR Commissioner. In 2015 the Commissioner upheld the Division's determination that "both applicants failed to meet the criteria under the statutes for which they applied" and denied the Mannses' appeal.

The Mannses appealed the Commissioner's decision to the superior court. The superior court determined the Mannses failed to provide the agency with documentation that they received at least 25% of their income from the business between December 2002 and December 2007. The superior court stated that the Mannses' only documents supporting their claim were a 1989 site plan prepared by the State recognizing that mining was the Mannses' primary business and a 1984 loan application stating the majority of their income came from mining. The court concluded that these documents were insufficient to establish that 25% of their income came from the business from 2002 to 2007. The superior court affirmed the Commissioner's decision.

The Mannses now appeal the superior court's decision.

---

[3]     (...continued)
to an individual who has erected a building on the land and used the land for bona fide business purposes for five or more years under a federal permit or without the need for a permit and, after selection by the state, under a state use permit or lease, if the business produced no less than 25 percent of the total income of the applicant for the five years preceding the application to purchase or lease the land.

## III.  STANDARD OF REVIEW

Whether the Mannses submitted adequate proof that they were entitled to a preference right under AS 38.05.035(f) is a legal question.  "We review [the] agency's interpretation of [this] statute using our independent judgment [because] 'the agency's specialized knowledge and experience [are] not . . . particularly probative on' " this issue.[4]  When we apply our independent judgment, we "adopt the rule of law that is most persuasive in light of precedent, reason, and policy after considering the plain meaning of the statute, the legislative purpose of the statute, and the intent of the statute."[5]

## IV.  DISCUSSION

Ordinarily the Division must conduct a sale of State land by public auction or sealed bid.[6]  But the Division is required to grant a preference right for a negotiated sale under AS 38.05.035(f) when three elements are met.  First, the preference right may be granted only "to an individual who has erected a building on the land and used the land for bona fide business purposes for five or more years under a federal permit or without the need for a permit."[7]  Second, the business use must continue "after selection by the state, under a state use permit or lease."[8]  Third, the preference right applies only

---

[4]      *Gillis v. Aleutians East Borough*, 258 P.3d 118, 120-21 (Alaska 2011) (quoting *Matanuska-Susitna Borough v. Hammond*, 726 P.2d 166, 175 (Alaska 1986)).

[5]      *Id.* (quoting *Bradshaw v. State, Dep't of Admin., Div. of Motor Vehicles*, 224 P.3d 118, 122 (Alaska 2010)).

[6]      AS 38.05.055.

[7]      AS 38.05.035(f).

[8]      *Id.*

"if the business produced no less than 25 percent of the total income of the applicant for the five years preceding the application to purchase or lease the land."[9]

We examined the meaning of this statute in *Gillis v. Aleutians East Borough*, where the appellant argued the statute did not require an applicant to enter land while it was under federal ownership.[10] But we disagreed:

> The legislature's use of the conjunction "and," combined with the phrase "after selection by the state," indicates that the subsection applies to an applicant who, along with obtaining the necessary federal permits, erected a building on and used what was then federal land *and* continued using that land after state selection.[11]

We concluded that the plain language of the statute "requires an applicant to have entered land while it was under federal ownership to qualify for the preference right."[12] We also recognized that this distinction between federal land and land selected by the State was a logical distinction at the time this preference right was enacted in 1984 because that year marked the end of the 25-year period for the State to select federal land under the terms of the Alaska Statehood Act.[13]

---

[9]  *Id*.

[10]  258 P.3d 118, 121 (Alaska 2011).

[11]  *Id*. (emphasis in original).

[12]  *Id*.

[13]  *Id*. at 123 & n.28 (citing Alaska Statehood Act, Pub. L. No. 85-508, § 6(a)-(b), 72 Stat. 339, 340-43 (1958), reprinted in 48 U.S.C. ch. 2 (2006) (noting that State needed to select land within 25 years)).

The Division conformed with this interpretation when it adopted a regulation outlining the application requirements for this preference right.[14] The regulation requires an applicant to submit written proof "of erecting and using, for at least five years *while the land was under federal jurisdiction*, a building erected under any authorization required under federal law."[15] Based on the statute and regulation, we conclude that an applicant for this preference right must have used the land for business

---

[14]    11 Alaska Administrative Code (AAC) 67.053(a) (2019) provides:

(a) Upon a written finding under AS 38.05.035(e) that the interests of the state will best be served, the director will grant a preference right to lease without competitive bid, or purchase at appraised fair market value, up to five acres of state land to an applicant who submits written proof

(1) of entering the land while the land was under federal jurisdiction;

(2) of erecting and using, for at least five years while the land was under federal jurisdiction, a building erected under any authorization required under federal law;

(3) that the federal classification of the land at the time the land was entered did not specifically prohibit entering the land, the construction of a building, or business use of the land;

(4) that the business produced at least 25 percent of the applicant's total income for the five years preceding the date of the application for a preference right; and

(5) of permit or lease authorized by the state after the state selected the land.

[15]    11 AAC 67.053(a)(2) (emphasis added).

purposes for five years while the property was "under federal jurisdiction"[16] and before "selection by the state."[17]

In this case, the Mannses were required to submit written proof that they entered the land and used it for business purposes for five years prior to State selection. Because the land was selected by the State in 1972, the Mannses were required to submit written proof that their business use of the land began no later than 1967. Under the regulation, " 'written proof' means copies of government records, income receipts or copies of tax returns, and photographs, and may be supplemented by affidavits, if necessary."[18]

As noted above, there are government land records showing that RY-J filed location notices for mining claims in this area in 1976. The Mannses submitted copies of a letter they wrote to the federal Bureau of Land Management asserting they were a part of RY-J, as well as other documents suggesting they helped build the first buildings on the land in 1974. But the first government record of their interest in this land was when Hall transferred the mining claims to Mick Manns in 1984. The regulation allowed the Mannses to submit affidavits further detailing their use of the land, but they apparently did not do so.

In their reply brief, the Mannses argue the federal government recognized their use of this land as one of 82 unpatented mining claims that were excluded from the conveyance granting tentative approval of the State's selection. But this argument is based on a misreading of the conveyance. The second page of the conveyance does

---

[16]     *Id.*

[17]     AS 38.05.035(f).

[18]     11 AAC 67.053(d).

exclude 82 mining claims. But the third page of the conveyance clarifies that these claims are located in sections 21-23 and 26 of this township. As noted above, the Mannses applied for land in sections 8 and 9.

Based on our review of the record, we conclude the Mannses did not provide written proof of their business use of the land for five years prior to State selection.

The statute and regulation also require an applicant to submit written proof that "the business produced no less than 25 percent of the total income of the applicant for the five years preceding the application."[19] The Mannses submitted this application in 2007, so they were required to submit proof of this income reliance for the period from 2002 to 2007.

The Mannses argue they satisfied the income reliance requirement by submitting documents related to a 1984 mining loan application. The documents appear to show that the Mannses made a loan application in January 1984 and that the loan was approved and eventually forgiven after a dispute with the State. But these documents do not include any proof of the Mannses' income from 2002 to 2007. Based on our review of the record, we conclude that the Mannses did not submit any written proof of their income reliance for the five years preceding their applications.

The Mannses referred to several other statutory preference rights in their applications. But their briefs discuss only their entitlement to a preference right under AS 38.05.035(f). We decline to address other potential arguments.[20]

---

[19]    AS 38.05.035(f); 11 AAC 67.053(a)(4).

[20]    *See Collins v. Hall*, 453 P.3d 178, 191 n.37 (Alaska 2019) (quoting *State v. Ranstead*, 421 P.3d 15, 23 n.53 (Alaska 2018)) (explaining appellate courts typically

(continued...)

-9-                                                                                     7476

## V. CONCLUSION

We AFFIRM the superior court's decision affirming the decision of the Commissioner of the Department of Natural Resources.

---

[20] (...continued)
do not address issues that the parties have not briefed).