NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>*. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

|  |  |
|---|---|
| BRANDON MICHAEL DALE MCGUFFEY,<br><br>      Appellant,<br><br>   v.<br><br>STATE OF ALASKA,<br><br>      Appellee. | Court of Appeals No. A-14384<br>Trial Court No. 1KE-22-00625 CR<br><br>O P I N I O N<br><br>No. 2824 — February 27, 2026 |

Appeal from the Superior Court, First Judicial District, Ketchikan, Katherine H. Lybrand, Judge.

Appearances: Nathan H. Lockwood, Attorney at Law, under contract with the Public Defender Agency, and Terrence Haas, Public Defender, Anchorage, for the Appellant. Kayla H. Doyle, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Stephen J. Cox, Acting Attorney General, Juneau, for the Appellee.

Before: Wollenberg, Harbison, and Terrell, Judges.

Judge WOLLENBERG.

Pursuant to a plea agreement, Brandon Michael Dale McGuffey pleaded guilty to one count of possession of child pornography.[1] In exchange, the State dismissed ten counts of distribution of child pornography and fourteen counts of possession of child pornography. At the time of his offense, McGuffey was on probation for a previous conviction for distribution of child pornography.[2]

The plea agreement left McGuffey's probation conditions open to the superior court, and at sentencing, the court imposed a number of general and special probation conditions.

McGuffey now raises two challenges to his probation conditions. McGuffey acknowledges that because he did not object to these conditions in the superior court, he must show plain error.[3]

First, McGuffey challenges Special Condition No. 6. This condition provides that, if recommended by his sexual offense treatment provider, McGuffey shall not "knowingly enter places where children under the age of 16 congregate such as parks, playgrounds, public pools, public locker rooms, or school grounds" and shall not live within 500 feet of such places, "without written permission of [his] probation officer."

McGuffey acknowledges that, in *Aketachunak v. State*, we upheld a similar condition against a challenge that the condition was overbroad and vague.[4] But he argues that the inclusion of "parks" in the list of potentially prohibited places renders

---

[1]   Former AS 11.61.127(a) (2022). In 2024, the legislature amended this statute to change the term "child pornography" to "child sexual abuse material." SLA 2024, ch. 11, § 12.

[2]   Former AS 11.61.125(a) (2014).

[3]   *See State v. Ranstead*, 421 P.3d 15, 23 (Alaska 2018).

[4]   *Aketachunak v. State*, 2025 WL 880617, at *2 (Alaska App. Mar. 19, 2025) (unpublished summary disposition).

the condition unconstitutionally overbroad and therefore distinguishable from the condition considered in *Aketachunak*. He notes that parks are "ubiquitous throughout the state," and he argues that the condition could restrict his ability to reside in some communities and prohibit him from entering state parks, national parks, or public places where adults engage in the "free exercise of expressive activities."[5] McGuffey also argues that the addition of "parks" renders the condition unconstitutionally vague because the term "parks" provides insufficient notice as to which places are prohibited and encourages arbitrary enforcement of the restriction.[6]

We decline to find plain error. As the State acknowledges, when read in the context of the illustrative list of places where children are likely to congregate, "parks" does not mean state parks, national parks, or public places where adults gather to engage in expressive activities. Rather, it refers to children's parks — public areas that are intentionally set aside for recreation where children "typically gather as a group."[7] Moreover, the condition only takes effect upon the sex offender treatment provider's recommendation and includes a scienter requirement, prohibiting McGuffey from "knowingly" entering a park where children commonly congregate.[8] Finally, the

---

[5] *United States v. Grace*, 461 U.S. 171, 177 (1983) (recognizing parks as "'public places' historically associated with the free exercise of expressive activities").

[6] *See Oyoghok v. Municipality of Anchorage*, 641 P.2d 1267, 1269-70 (Alaska App. 1982).

[7] *Aketachunak*, 2025 WL 880617, at *2 (noting that similar condition "does not prevent [the probationer] from being in any place where children can possibly be present; rather, it prevents him from 'knowingly' being in a place where children under the age of sixteen typically gather as a group"); *see also State v. Bouchard*, 228 A.3d 349, 365 (Vt. 2020) (upholding, against a vagueness challenge, a probation condition prohibiting defendant from accessing places where children congregate, including "parks," and noting that the condition "does not . . . prohibit defendant from accessing a state park or a dog park," but only the portions of parks where children congregate).

[8] *See United States v. Hamilton*, 986 F.3d 413, 424 (4th Cir. 2021).

condition has a safety valve that authorizes the probation officer to approve certain parks for McGuffey's use. Given this safety valve and the narrowing construction discussed above, we see no plain error.[9]

Second, McGuffey challenges three conditions containing the phrase "sexually explicit material." The first two of these conditions — Special Conditions Nos. 12 and 13 — bar McGuffey from possessing "sexually explicit material" and authorize warrantless searches of McGuffey's person and property for the presence of "sexually explicit material." Special Condition No. 18 — the crux of McGuffey's challenge — defines "sexually explicit material" to include not only children engaged in conduct listed in AS 11.41.455(a),[10] but also adults engaged in that conduct if (1) McGuffey is engaged in sex offender treatment and (2) the treatment provider recommends this expanded definition. The condition requires that McGuffey be given notice of the treatment provider's recommendation and authorizes McGuffey to seek clarification or modification of the provider's recommendation from the court if he believes the recommendation "unreasonably expands the definition to [include] depictions of adults."

McGuffey argues that the inclusion of adults in the definition of "sexually explicit material" in Special Condition No. 18 fails to withstand special scrutiny because there is no evidence that "his criminality is reasonably related to viewing

---

[9] *See, e.g.*, *State v. Wallmuller*, 449 P.3d 619, 622-24 (Wash. 2019) (en banc) (rejecting vagueness challenge to probation condition barring the defendant from "places where children congregate" and noting that federal courts have uniformly upheld similar conditions).

[10] Alaska Statute 11.41.455(a) — the crime of unlawful exploitation of a minor — refers to the following actual or simulated conduct engaged in by a child under eighteen years of age: (1) sexual penetration; (2) the lewd touching of another person's genitals, anus, or breast; (3) the lewd touching by another person of the child's genitals, anus, or breast; (4) masturbation; (5) bestiality; (6) the lewd exhibition of the child's genitals; or (7) sexual masochism or sadism.

sexually explicit material depicting only adults." In support of his argument, McGuffey relies on two prior cases in which we either vacated or remanded for further consideration conditions that prohibited the possession of sexually explicit materials depicting adults engaged in conduct set out in AS 11.41.455(a).[11]

But in those two cases, the condition prohibiting the possession of sexually explicit material involving adults implicated the defendants' First Amendment rights without a case-specific justification and thus did not withstand special scrutiny.[12] The provision in this case, with its primary focus on sexually explicit material involving children, directly relates to McGuffey's crime of conviction. We note that the court found that McGuffey would need "significant monitoring" while on probation "given his criminal history" and the fact that he reoffended while on probation for a similar offense involving images of child pornography, including images depicting acts of sexual abuse by adults against children.

Moreover, the provision barring possession of sexually explicit material involving adults is only triggered if McGuffey is in sex offender treatment and his treatment provider recommends it.[13] The definition then provides a mechanism for

---

[11] *See Galindo v. State*, 481 P.3d 686, 693-94 (Alaska App. 2021); *LaChappelle v. State*, 2023 WL 5607861, at *4-5 (Alaska App. Aug. 30, 2023) (unpublished).

[12] *See Galindo*, 481 P.3d at 693-94 (noting that the defendant had been "convicted of a crime against an adult" and that "there is no evidence currently in the record that [his] rehabilitation would be hampered by possessing or viewing the type of mainstream media or images that the broad definition of 'sexually explicit material' in these conditions seemingly includes" and therefore remanding for reconsideration); *LaChappelle*, 2023 WL 5607861, at *5 (directing the court on remand to strike the portion of a condition prohibiting possession of sexually explicit materials involving adults and to reconsider provision involving conduct depicting minors, noting that "the current record does not suggest that [the defendant's] offense was fueled by or otherwise related to viewing child pornography").

[13] *See Whiting v. State*, 2014 WL 6713200, at *2-3 (Alaska App. Nov. 26, 2014) (unpublished) (vacating the portion of a condition that prohibited probationer from possessing sexually explicit materials depicting adults or children and remanding with

McGuffey to challenge the restriction if he believes it is unwarranted or applied over broadly. Thus, as the State notes, if the treatment provider cannot identify a link to McGuffey's actual needs or imposes a definition that does not provide sufficient notice of what is prohibited, McGuffey can challenge the restriction at that time to ensure it is no broader than necessary to facilitate McGuffey's rehabilitation and the protection of the public. These restrictions further distinguish this probation condition from the conditions that we disapproved of in our prior cases. Under these circumstances, we find no plain error.

For these reasons, the judgment of the superior court is AFFIRMED.

---

directions to make the prohibition conditional "on a sex offender treatment provider's recommendation").