NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific* *Reporter.* *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

MARTIN TYLER KOZEVNIKOFF,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11318
Trial Court No. 4BE-11-453 CR

O P I N I O N

No. 2611 — August 3, 2018

Appeal from the Superior Court, Fourth Judicial District, Bethel, Raymond M. Funk, Judge.

Appearances: Peter Kopperud, Assistant Public Advocate, and Richard Allen, Public Advocate (opening brief), and Jane B. Martinez, Law Office of Jane B. Martinez, LLC, under contract with the Office of Public Advocacy (reply brief), Anchorage, for the Appellant. Tamara E. DeLucia, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge. [*]

Judge SUDDOCK.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Martin Tyler Kozevnikoff pleaded guilty to one count of first-degree sexual abuse of a minor.[1]  Over a defense objection, the sentencing judge imposed Special Condition of Probation No. 11 requiring Kozevnikoff to undergo a mental health evaluation and, if recommended, to take prescribed drugs.

Kozevnikoff challenges this condition of probation, arguing that it unduly restricts his liberty.  The State responds that the special condition is reasonably related to Kozevnikoff's rehabilitation and to the protection of the public, and is not unduly restrictive.

We find the current record insufficient to support the probation condition, and we remand the case for further proceedings.

*Background facts and proceedings*

When Kozevnikoff was twenty-one, he sexually penetrated and had sexual contact with his two sisters and an unrelated boy; the girls were three and five, and the boy was five.

Kozevnikoff was charged with three counts of first-degree sexual abuse of a minor and three counts of second-degree sexual abuse of a minor.  Pursuant to a Criminal Rule 11 plea agreement, he pleaded guilty to one count of first-degree sexual abuse of a minor.  Superior Court Judge  pro tem Raymond M. Funk sentenced him to 35 years' incarceration with 10 years suspended (25 years to serve) and 15 years' probation.

Over defense objection, the judge imposed a probation condition requiring Kozevnikoff to take any medication that he might be prescribed after a mental health evaluation:

---

[1]    AS 11.41.434(a)(1).

You must obtain a DOC approved mental health evaluation and follow all recommendations, which may include ingestion of medications as prescribed by a licensed practitioner. You shall totally abstain from use and possession of any drugs not prescribed by a licensed practitioner. If any side effect issues cannot be resolved with your physician then you are entitled to have a review hearing with the court.

The judge acknowledged that certain psychotropic medications can have "terrible lifelong side effects [such as] involuntary shaking." But he concluded that "a defendant with mental health issues, especially given the gravity of this kind of case, shouldn't be able to ... decide he just doesn't want to take them."

*Why we remand the case for further proceedings*

Probation conditions must be "reasonably related to the rehabilitation of the offender and the protection of the public and ... not unduly restrictive of liberty."[2] Before imposing a probation condition that restricts a constitutional right, the trial court must first affirmatively consider and have a good reason for rejecting less restrictive alternatives.[3]

In *Myers v. Alaska Psychiatric Institute*, the Alaska Supreme Court held that requiring a patient to ingest psychotropic medication infringes on a significant liberty and privacy interest.[4] The court found that psychotropic medications are "highly

---

[2] *Roman v. State*, 570 P.2d 1235, 1240 (Alaska 1977).

[3] *Peratrovich v. State*, 903 P.2d 1071, 1079 (Alaska App. 1995).

[4] *Myers v. Alaska Psychiatric Institute*, 138 P.3d 238, 246, 248 (Alaska 2006); *see also Washington v. Harper*, 494 U.S. 210, 221 (1990); *Baker v. State*, 2003 WL 21663992, at *1 (Alaska App. July 16, 2003) (unpublished) (citing *Sell v. United States*, 539 U.S. 166, 177

(continued...)

intrusive" medications and that they have been equated with electro-convulsive therapy and psycho-surgery.[5] They "'affect the mind, behavior, intellectual functions, perception, moods, and emotions' and are known to cause a number of potentially devastating side effects," some of which are permanent and not treatable.[6]

In light of the profound effects that can accompany psychotropic drugs, the *Myers* court held that, for civilly committed mental patients, the right to refuse psychotropic medication is a fundamental right, although not an absolute one.[7] Accordingly, any compelled ingestion of medication by a psychiatric patient must be preceded by an independent judicial determination that taking the drug is in the patient's best interests, and that no less intrusive treatment will suffice.[8]

In *United States v. Williams*, the Ninth Circuit reviewed a probation condition that, like Kozevnikoff's, provided for an independent judicial hearing only *after* a probationer had been ordered by a probation officer to ingest medication, and only upon a request by the probationer for such a hearing.[9] The court held that the condition fell short of the constitutionally required level of scrutiny.[10] The court reasoned that any ingestion of medication must be based upon a medically informed

---

[4] (...continued)
(2003)).

[5] *Myers*, 138 P.3d at 242.

[6] *Id.* at 241-42 (quoting *Steele v. Hamilton County Cmty. Mental Health Bd.*, 736 N.E.2d 10, 15 n.3 (Ohio 2000)).

[7] *Id.* at 251-52.

[8] *Id.* at 252.

[9] *United States v. Williams*, 356 F.3d 1045, 1047 (9th Cir. 2004).

[10] *Id.* at 1047, 1057.

record — a record containing an "independent and timely evaluation ... by a medical professional, including attention to the type of drugs proposed, their dosage, and the expected duration of a person's exposure, as well as an opportunity [for the defendant] to challenge the evaluation and offer his or her own medical evidence in response."[11]

In Kozevnikoff's case, the judge realized that Kozevnikoff must be provided with an avenue for seeking an independent judicial hearing. But the judge did not provide for a hearing that *preceded* any administration of psychotropic drugs. Instead, he stated that Kozevnikoff would only be entitled to an independent judicial hearing *after* he complied with his probation officer's order to take a psychotropic drug, then suffered adverse side effects from the medication, then unsuccessfully attempted to "resolve" those side effects with his physician, and finally asked the court to hold a review hearing.

The record justifies the judge's concern that psychotropic medications might be needed, given Kozevnikoff's history of abusing young children, the fact that he has been diagnosed with various psychiatric conditions since boyhood, and the fact that he was taking psychoactive drugs at the time of sentencing. But these facts do not negate the need for a hearing where medically informed expert testimony of the sort required by *Williams* is presented to the judge. At such a hearing, Kozevnikoff would have the opportunity to present his own expert testimony, and to argue for alternatives to any medication at all, or to a particular medication.

We recognize the State's interest in avoiding Kozevnikoff's release to probation without having these issues resolved. We addressed a similar issue in *Kobuk v. State*, where we noted that the trial court could not know at the time of sentencing what medication might be appropriate when the defendant was ultimately released on

---

[11]   *Id.* at 1056.

probation.[12]  We authorized the trial court to make a provision in the conditions of probation for a judicial hearing near the date of the defendant's release if the circumstances at that time appeared to justify compelled medication.[13]

The State suggests that such a procedure would be appropriate in this case. We agree.  We vacate the challenged special condition of probation, and we remand the case for reconsideration consistent with this opinion.

*Conclusion*

We REMAND this case to the superior court to reconsider Special Condition of Probation No. 11.

---

[12]  *Kobuk v. State*, 1987 WL 1357149, at *2 (Alaska App. June 3, 1987) (unpublished).

[13]  *See id.*