NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| VICTORIA DIAMOND LOVE,<br><br>      Appellant,<br><br>  v.<br><br>STATE OF ALASKA,<br><br>      Appellee. | Court of Appeals No. A-11949<br>Trial Court No. 3AN-13-2222 CR<br><br>O P I N I O N<br><br>No. 2626 — November 30, 2018 |

Appeal from the Superior Court, Third Judicial District, Anchorage, Michael R. Spaan, Judge.

Appearances: Paul E. Malin, under contract with the Public Defender Agency, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Saritha R. Anjilvel, Assistant District Attorney, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

Victoria Diamond Love assaulted three persons in another apartment in the complex where she lived. Following a jury trial, Love was convicted of second-, third-,

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

and fourth-degree assault[1] for slicing the fingers of one of her victims with a knife, for brandishing the knife in a threatening manner, and for putting another of her victims in fear of imminent physical injury.

The pre-sentence report in Love's case included two pages of recommended conditions of probation. Love's attorney did not object to any of these proposed probation conditions. In fact, the only time the defense attorney mentioned the proposed conditions of probation was when the attorney told the judge that Love did not object to a probation condition prohibiting her from returning to the apartment building.

When the judge imposed Love's sentence, he did not specifically mention all of these proposed probation conditions. Instead, the judge mentioned only a few of the special conditions of probation listed in the pre-sentence report. But later, when the judge issued the written judgement in Love's case, this judgement included all of the conditions of probation proposed in the pre-sentence report.

In this appeal, Love challenges four of the special conditions of probation that the judge did not explicitly mention when he imposed Love's sentence. Love contends that the inclusion of these four conditions in the court's written judgement constitutes an illegal increase in her sentence — a violation of the double jeopardy clause.[2]

We reject Love's double jeopardy claim because the record of the sentencing proceedings shows that the prosecutor, the defense attorney, and the judge were all operating with the understanding that, in the absence of an objection, the judge would impose all of the recommended conditions of probation.

---

[1] AS 11.41.210(a)(1), AS 11.41.220(a)(1)(A), AS 11.41.230(a)(3), respectively.

[2] Alaska Constitution, Article I, Section 9.

At the sentencing hearing, the judge referred to the recommended probation conditions as a group. For example, the judge asked whether these recommended probation conditions included a provision for mental health treatment. When the prosecutor replied that such a condition was included, the judge responded, "Good, good." And at another point in the sentencing hearing, after one of Love's neighbors expressed fear that Love might return to their apartment building after she served her time in prison, the judge stated that he was going to "expand" the conditions of probation by adding a "do-not-return-to-the-apartment condition". In addition, during the sentencing, one of the victims voiced the fear that Love would return to the apartment complex and hurt her or her sister (with whom she lived). The judge addressed this concern by telling the victim that the list of recommended probation conditions included a "no-contact" order that prohibited Love from contacting the victims in the future. The judge advised the victim that if Love contacted her sister following her release, she should call the police.

Based on this record, we conclude that the judge intended to impose all of the conditions of probation proposed in the pre-sentence report, and that both the prosecutor and Love's attorney understood this to be the case. We therefore find that the judge did not violate the double jeopardy clause when he included all of these recommended probation conditions in his written judgement, even though he did not explicitly mention all of these conditions during his sentencing remarks.

Love separately challenges Special Probation Condition 5, which requires Love to take any medication prescribed for her by a licensed medical practitioner approved by her probation officer. This probation condition is subject to special scrutiny because it restricts Love's right of self-determination regarding medical treatment, and also because it potentially requires Love to take psychotropic medication against her

will. [3] However, Love did not object to this condition of probation, so she must now show plain error. [4]

Although, on its face, the challenged probation condition applies to any and all medications that might be prescribed by Love's doctors, the probation condition must be interpreted in the context of Love's case. Given this context, we interpret the probation condition as applying only to mental health medication that Love's medical providers deem necessary for her rehabilitation and/or the safety of the public.

However, this interpretation brings the challenged probation condition squarely within the scope of our recent decision in *Kozevnikoff v. State*, __ P.3d __, 2018 WL 3679314 (Alaska App. 2018). And based on *Kozevnikoff*, we conclude that the challenged probation condition is plain error, at least in its present form.

In *Kozevnikoff*, this Court held that even when the record suggests that a defendant might need psychotropic medication, the sentencing judge must not impose a condition of probation that requires the defendant to take such medication against their will unless the judge has held a hearing "where medically informed expert testimony ... is presented to the judge", and where the defendant has "the opportunity to present [their] own expert testimony, and to argue for alternatives to any medication at all, or to a particular medication." *Id.*, 2018 WL 3679314 at *2.

(We also recognized that, especially when the defendant receives a lengthy term of imprisonment, it is often better to make this type of decision closer to the time when the defendant is released on probation. Thus, a sentencing judge has the authority to impose a condition of probation that calls for a judicial hearing near the date of the

---

[3] *See Kozevnikoff v. State*, __ P.3d __ , 2018 WL 3679314 at *1-2 (Alaska App. 2018). *See also United States v. Williams*, 356 F.3d 1045, 1055-57 (9th Cir. 2004).

[4] *State v. Ranstead*, 421 P.3d 15, 21-23 (Alaska 2018).

defendant's release if, at that time, the circumstances appear to justify compelled medication. *Ibid.*)

The record in Love's case is plainly insufficient to satisfy the procedural requisites set forth in *Kozevnikoff*. Accordingly, we vacate this condition of Love's probation, and we direct the superior court to reconsider it.

If, upon reconsideration, the superior court concludes that the facts justify a probation condition that could potentially require Love to take psychotropic medication against her will, this probation condition must be written in such a way that Love can seek judicial review *before* she is required to take the medication, and before she faces revocation of her probation for refusing to take the medication. This prior review is necessary because of the serious and lasting side-effects that some mental health medications can cause. *See Myers v. Alaska Psychiatric Institute*, 138 P.3d 238, 246-48, 254 (Alaska 2006).

*Conclusion*

With the exception of Special Condition of Probation 5, the judgement of the superior court is AFFIRMED. Special Condition 5 is VACATED, and the superior court is directed to reconsider whether this probation condition is justified. If the superior court finds that the probation condition is justified, the court must modify the probation condition so that it conforms to the requirements explained in this opinion.

We do not retain jurisdiction of this case.